UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                    Chapter 13

Sterlyn R. Glover, and                                    Case No. 19-46483
Lisa M. Mitchell,
                                                          Hon. Phillip J. Shefferly
        Debtors.
_____/

### ORDER VACATING ORDER TEMPORARILY SUSPENDING CHAPTER 13 PLAN PAYMENTS

On April 29, 2019, the Debtors filed this Chapter 13 case. On November 25, 2019, the Debtors confirmed their plan. On April 13, 2020, the Debtors and the Chapter 13 Trustee filed a stipulation ("Stipulation") (ECF No. 59) to temporarily suspend the Debtors' plan payments due to a loss of income caused by the COVID-19 public health crisis. The same day, the Court entered an Order Temporarily Suspending Chapter 13 Plan Payments ("Order") (ECF No. 60). The Court has determined that the Order was entered in error and must be vacated.

The Court is sympathetic to the Debtors, and to all others who are suffering as a result of the current public health crisis. It is not surprising that the Debtors need relief from their plan obligations. The Court has every intention of providing relief to the Debtors, and others in similar situations, and in a timely way. But a stipulation between the Debtors and the Trustee, filed without prior notice to any of

the Debtors' creditors, all of whom — like the Debtors and the Trustee — are bound by and entitled to rely on the confirmation order under § 1327(a) of the Bankruptcy Code, is not the proper, or effective, way to obtain that relief.

The Bankruptcy Code does not recognize or permit a "suspension" of plan payments. But it does expressly permit a debtor to modify a plan, and enables a debtor to obtain relief from the debtor's obligations under the plan, by means of a plan modification under § 1329 of the Bankruptcy Code. Fed. R. Bankr. P 3015(h) prescribes the procedure for a plan modification, and specifies the parties entitled to notice of the plan modification. E.D. Mich. LBR 3015-2 specifies additional requirements for a plan modification in the Eastern District of Michigan. When a debtor needs immediate relief from their plan obligations, Fed. R. Bankr. P. 9006(c) and L.B.R. 9006-1(b) are available for a debtor to request expedited consideration of a proposed plan modification. The Court routinely grants such requests when the facts warrant it.

In the past, financial circumstances have arisen that affect large numbers of debtors, and have required the Court to examine the procedures available for a debtor to obtain relief from their payment obligations under a confirmed plan. Despite the urgency and need for widespread relief in those circumstances, the Court consistently required compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules. In each instance, that proved

to be effective. The current situation is no different. There is no demonstrated reason for the Court to disregard established law and procedures.

The Court is not insensitive to the needs of debtors who will not be able to make their plan payments because of the ongoing public health crisis. But the Stipulation is not the way to provide needed relief because it has no binding effect on the Debtors' creditors who are not party to it and were not given notice of it. The Trustee's agreement to permit the Debtors to "suspend" their plan payments will not be much help to the Debtors if that "suspension" is open to collateral attack, such as from a creditor seeking relief from the Court because of the Debtors' failure to comply with their confirmed plan. The better way to handle this is through a modification of the Debtors' plan that is binding on all parties.

The Court entered the Order by mistake and will now vacate it without prejudice to the Debtors' right to file a plan modification and seek expedited consideration in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules.

**IT IS SO ORDERED**.

**Signed on April 14, 2020**



/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**